UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS DELIVERY ASSOCIATION, )<br><br>PLAINTIFF, )<br><br>v. )<br><br>MARTHA COAKLEY, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS, )<br><br>DEFENDANT. ) | CIVIL ACTION NO. 1:10-cv-11521-RGS |

**MOTION TO INTERVENE AND**
**MEMORANDUM OF LAW IN SUPPORT THEREOF**

The Intervenors, Stephen Reynolds, Alberg Oliveira, Ezequiel Antonio Garcia, Francis Arrigo, and John Garand, hereby file this Motion to Intervene in the above-entitled action for the purpose of asserting and protecting their rights and interests.  The Intervenors are all either named plaintiffs in putative class actions or individual plaintiffs in cases proceeding in the Commonwealth of Massachusetts and the Federal District Court for the District of Massachusetts in which courier drivers allege that they have been misclassified as independent contractors under M.G.L. c. 149, § 148B and in which the defendant has raised the defense of preemption under the Federal Aviation Administration Authorization Act of 1994 ("the FAAAA").  At least one of the Intervenors, Stephen Reynolds, has brought claims against the company run by the Vice President of the Defendant Massachusetts Delivery Association (the "MDA"), City Express.

This case constitutes an attempt by the membership of the MDA to circumvent the cases

brought by the Intervenors in order to obtain a ruling that their claims are preempted without this Court considering any facts related to how the trucking/courier company defendants' individual prices, services, and routes would be effected by complying with M.G.L. c. 149, § 148B.  Simply put, the MDA is attempting to gain a ruling that the FAAAA preempts the application of M.G.L. c. 149, § 148B against *all* trucking/courier companies while preventing the plaintiffs who have actually alleged that they have been misclassified under this statute from being allowed to present evidence or argument.  Accordingly, the Intervenors interests relate to this litigation and the outcome of this case could impede their ability to pursue their previously filed, and now pending, cases.  Moreover, the Attorney General, who represents the public interest, cannot adequately represent the private economic interests of the Intervenors.  Accordingly, the Intervenors should be allowed to intervene, either by right, or with the permission of the Court under Fed.R.Civ.Pro. 24.

**PROCEDURAL HISTORY AND BACKGROUND**

The MDA, is a "trade organization…comprised of entities that provide same-day delivery services, who either engage independent contractor delivery drivers directly or contract with entities that engage independent contractor delivery drivers, to pick up and deliver products" throughout Massachusetts.  See Docket No. 1 at ¶ 3.  On September 7, 2010, the MDA filed a complaint in this Court seeking declaratory relief and injunctive relief against the Attorney General on September 7, 2010.  Id.  In its Complaint, the MDA moves to prevent the Attorney General from enforcing prong B of M.G.L. c. 149, § 148B, the Massachusetts Independent Contractor Statute, claiming that it is preempted by the Federal Aviation Administration Authorization Act of 1994 (the "FAAAA").  Id. at ¶¶ 28-34.

The membership of the MDA includes entities who are currently being sued in state court

in the Commonwealth of Massachusetts and the Federal District Court for the District of

Massachusetts for alleged violations of M.G.L. c. 149, § 148B and who have raised the defense

of FAAAA preemption in those cases.  For example, the MDA's website lists Aaron Driben as

being the association's vice president.  See Massachusetts Delivery Association Website,

www.madeliveryassociated.com/about.html (excerpt attached hereto as Exhibit 1).  Mr. Driben is

also the President, Treasurer, Secretary, and Director of City Express, Inc.  See City Express,

Inc. Summary Screen from Commonwealth of Massachusetts,

http://corp.sec.state.ma.us/corp/corpsearch/CorpSearchEntityList.asp?ReadFromDB=True&UpdateAllowed= (attached hereto as Exhibit 2).  City Express is a Defendant in Reynolds, et al. v.

City Express, Inc., et al., Civil Action No. 10-2655D (Suffolk County Superior Court) (Answer

of City Express, Inc. attached hereto as Exhibit 3), in which a putative class of courier drivers

allege that they have been misclassified as independent contractors under M.G.L. c. 149, § 148B.

In its Answer to the Complaint in that case, City Express raises the defense of preemption under

the FAAAA.  Id. at Fourteenth Affirmative Defense.

        The Intervenors are all either named plaintiffs in putative class actions or individual

plaintiffs in cases proceeding in the Commonwealth of Massachusetts and the Federal District

Court for the District of Massachusetts in which courier drivers allege that they have been

misclassified as independent contractors under M.G.L. c. 149, § 148B and in which the

defendant has raised the defense of FAAAA preemption.  In addition to Mr. Reynolds, who is a

named plaintiff in the City Express case (see Ex. 3), Mr.Oliveira is a plaintiff in Oliveira v.

Advanced Delivery Systems, Inc., CV2009-04845 (Middlesex County Superior Court) (see

Order on Motion to Dismiss, attached hereto as Exhibit 4); Mr. Arrigo is a named Plaintiff in

Arrigo, et al v. Contractor Management LLC, 1:10-cv-11650-MLW (removed September 28,

2010) (see Answer of Defendant Scholarship Storage, Inc., attached hereto as Exhibit 5); Mr.

Garand is a plaintiff in Versolato, et al. v. Office Depot, Inc., et al., 1:10-cv-10379-PBS

(removed March 3, 2010) (see Complaint, attached hereto as Exhibit 6 and Answer of Defendant

Mr. Messenger, Inc., attached hereto as Exhibit 7), and Mr. Garcia is a plaintiff in Garcia et al v.

Advanced Delivery Systems, Inc.. 1:10-cv-11731-PBS (Answer of Defendant Advanced

Delivery Systems, Inc., attached hereto as Exhibit 8).

## STATEMENT OF INTEREST OF THE INTERVENORS

The Intervenors are plaintiffs in cases pending in state and federal court in Massachusetts

in which they have filed claims for misclassification under M.G.L. c. 149, § 148B.  The

Intervenors oppose the relief sought by the Defendant.  The Intervenors deny that the B prong of

M.G.L. c. 149, § 148B is preempted by the FAAAA and that preemption can be found to be

warranted where there are no individualized facts produced regarding the effect of compliance

with M.G.L. c. 149, § 148B on the prices, routes, and services of specific trucking/courier

service providing entities.  See Derochers v. Staples, Inc., MICV 2009-04845 (holding that

M.G.L. c. 149, § 148B was **not** preempted by the FAAAA) (cited in Attorney General's Motion

to Dismiss, Docket No. 10, at 4); Oliveira v. Advanced Delivery Systems, SUCV 2010-02655

(same).[1]  A decision finding preemption in this case would greatly prejudice the Intervenors'

claims that they have lost wages and benefits as a result of their misclassification under M.G.L.

c. 149, § 148B.

## ARGUMENT

---

[1]      Statement of interest of intervenors satisfies Rule 24(c).  United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 834 (8th Cir. 2009).

### A.      The Intervenors May Intervene as a Matter of Right

Rule 24(a) of the Federal Rules of Civil Procedure sets for the criteria to be met for a

party to intervene as a matter of right:

> **a)  Intervention of Right.** On timely motion, the court must permit anyone to
> intervene who…**(2)** claims an interest relating to the property or transaction
> that is the subject of the action, and is so situated that disposing of the action
> may as a practical matter impair or impede the movant's ability to protect its
> interest, unless existing parties adequately represent that interest.

In interpreting this Rule, the courts have held that a putative intervenor must meet four

requirements, specifically:

>  [T]hat (1) it timely moved to intervene; (2) it has an interest relating to the
> property or transaction that forms the basis of the ongoing suit; (3) the disposition
> of the action threatens to create a practical impediment to its ability to protect its
> interest;  and (4) no existing party adequately represents its interests.

B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541, 544-45 (1st Cir. 2006).  The

Intervenors in this case meet all four of these requirements.

First, the Intervenors have moved to intervene in a timely manner.  The First Circuit

looks to three factors to determine whether a motion to intervene is timely: (1) the length of time

the applicant knew or reasonably should have known that its interest was imperiled before it

moved to intervene, (2) the prejudice that might be caused to other parties by the delay, and (3)

the forseeable prejudice to the applicant if intervention is denied.  Negron-Almeda v. Santiago,

528 F.3d 15, 22 (1st Cir. 2008).  Here, there has been no delay, as this case was only filed in

September of this year, a scheduling conference has not been held, and the Court has not yet

heard argument on any dispositive motions.  Accordingly, there is no prejudice to the other

parties.  Furthermore, as explained below, the Intervenors would be severely prejudiced if

intervention is denied.

Second, the Intervenors have a demonstrated interest in the transaction that forms the

basis of this action.  While, "[t]here is no precise and authoritative definition of the interest required to sustain a right to intervene under Rule 24(a)(2)… the intervenor's claim must bear a sufficiently close relationship to the dispute between the original litigants."  <u>Travelers Indem. Co. v. Dingwell</u>, 884 F.2d 629, 638 (1st Cir. 1989).  Here, the MDA is seeking a ruling that prong B of M.G.L. c. 149, § 148B is preempted as to **all** trucking/courier companies in Massachusetts.  Indeed, in its opposition to the Attorney General's Motion to Dismiss in this case, the MDA has argued that "the FAAAA's preemption of the B prong of the Independent Contractor statute" as to the trucking/courier industry "is clear."  <u>See</u> Docket No. 14 at 18.

Consequently, a ruling in this case that prong B of M.G.L. c. 149, § 148B is preempted would necessarily effect the Intervenors, each of whom has brought a claim against a trucking/courier company in Massachusetts in which the defense of FAAAA preemption has been raised.  Indeed, it is quite clear that the members of the MDA, some of whom are defendants in active cases in state and federal court brought by the Intervenors, have filed this action in order to avoid having the courts look at the individual merits of their preemption defenses.[2]  According to MDA's own briefing, this action was filed in order to avoid the "risks associated" with defending the class actions brought against individual trucking/courier companies.  Docket No. 14 at 14.

Moreover, in this case, the MDA seeks to nullify the B prong of M.G.L. c. 149, § 148B, thus preventing the Intervenors from relying on this test to prove their employment status.  Considering that M.G.L. c. 149, § 148B is a conjunctive test and that failure to meet any one of the prongs will result in a plaintiff being found to be an employee, the preemption of prong B as applied to the entire trucking/courier industry would greatly prejudice the Intervenors.  <u>See</u>

---

[2]       For example, as noted above, the Vice President of the MDA, Mr. Driben, is also the President, Treasurer, Secretary, and Director of City Express, Inc., a company which is the defendant in a misclassification case proceeding in state court, <u>Reynolds, et al. v. City Express, Inc., et al.</u>, Civil Action No. 10-2655D.

Somers v. Converged Access, Inc., 454 Mass. 582, 590 (2009) (all "three criteria required to establish that the plaintiff was an independent contractor" under Section 148B); Awuah v. Coverall North America, Inc., 2010 WL 1257980, *2 (D.Mass. 2010) (analyzing only prong two of the § 148B test and finding cleaning workers to be employees under that prong). Consequently, the Intervenors have a demonstrated interest because this case is a clear attempt to avoid individual analysis of the FAAAA preemption defense as applied to defendants in cases brought by the Intervenors, potentially stripping the Intervenors of their cause of action under M.G.L. c. 149, § 148B.

For these same reasons, the disposition of this action "threatens to create a practical impediment to its ability to protect its interest." Kellogg USA, Inc., 440 F.3d at 544-45. Thus, the third requirement is met.

Finally, no existing party adequately represents the Intervenors' interests. Initially, it is clear that the MDA does not represent the Intervenors' interests. Moreover, the Attorney General, which represents the interests of the Commonwealth, cannot adequately represent the Intervenors' interests. While the Attorney General must represent the broad public interest, that is separate from the economic interests of the Intervenors. See Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1499 (9th Cir. 1995) (intervenors' interests not adequately represented by state agency where the agency must represent the broad public interest and not the "more narrow, parochial interests" of the intervenors). Here, the economic interests of the Intervenors are tied up in their ability to pursue their misclassification claims under M.G.L. c. 149, § 148B. As stated in the Attorney General's Memorandum in Support of its Motion to Dismiss, the Commonwealth's interest in enforcement of M.G.L. c. 149, § 148B is recovering unpaid taxes, workers' compensation contribution, and unemployment contributions. Docket

No. 10 at 6.  The Intervenors' interests, however, is in being compensated for their lost wages and lost benefits.

Additionally, it is not at all clear that the Attorney General will determine that the continued enforcement of Prong B of the statute is in the best interest of the public.  While the Attorney General has moved to dismiss the claim on the basis of <u>Younger</u> abstention, it has not filed an Answer or moved to dismiss on any other grounds.  Consequently, the Attorney General cannot adequately represent the Intervenors' interests.  For all of these reasons, the Intervenors may intervene as a matter of right.

B.      **The Intervenors Meet the Requirements of  Permissive Intervention**

Alternatively, the Intervenors should be permitted to intervene under Fed.R.Civ.P. 24(b), which provides that:

> **(b) Permissive Intervention.**
> **(1) *In General.*** On timely motion, the court may permit anyone to intervene who…**(B)** has a claim or defense that shares with the main action a common question of law or fact.

There are three perquisites for intervention and intervention is allowed if it is determined that "(1) the applicant's claim or defense and the main action have a question of law or fact in common, (2) the applicant's interests are not adequately represented by an existing party, *and* (3) intervention would not result in undue delay or prejudice to the original parties."  <u>In re Thompson</u>, 965 F.2d 1136, 1148 (1st Cir. 1992).  The granting of permissive intervention is within the discretion of the district court.  <u>Hill v. Western Elec. Co., Inc.</u>, 672 F.2d 381, 385-386 (4th Cir. 1982).  The Court has broad discretion where there is a common claim or defense, "the district court can consider almost any factor rationally relevant but enjoys broad discretion in granting or denying the motion."  <u>Daggett v. Commission on Governmental Ethics & Election Practices</u>, 172 F.3d 104, 112-113 (1st Cir. 1999).

First, as discussed above, the motion to intervene is timely.  Second, the common question of law here arises from the fact that members of the MDA are attempting to argue their FAAAA preemption defense in this Court rather than raising it in the cases filed by the Intervenors.  For example, City Express will surely attempt to apply a favorable preemption decision in this case to the case in which it is a defendant in state court.  Third, as discussed above, the Attorney General cannot adequately represent the Intervenors' interests.  Fourth, the intervention of these individuals will not unduly delay or prejudice the original parties.  This case is in its very early stages, thus there will be no delay caused, undue or otherwise.  Additionally, as described by the MDA, the issue in this case is whether Prong B of M.G.L. c. 149, § 148B is preempted as to *all* trucking/courier companies.  However, the MDA has thus far failed to disclose what trucking/courier companies it represents and there is currently no input from individuals who have actually provided trucking/courier services for any such company.  Thus, the addition of individuals who performed trucking/courier services for some of these companies will not create any prejudice.  Rather, the intervention of these individuals will add much needed context to the claims brought by the MDA.  Accordingly, the Intervenors should alternatively be permitted to intervene under Fed.R.Civ.P. 24(b).

**CONCLUSION**

For all the reasons stated above, the motion to intervene should be granted.

Respectfully submitted,

STEPHEN REYNOLDS, ALBERG OLIVEIRA,
EZEQUIEL ANTONIO GARCIA, AND FRANCIS
ARRIGO, Intervenors


By their attorney,

/s/ *Harold L. Lichten*
Harold L. Lichten, BBO # 549689
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Dated:      December 7, 2010          (617) 994 5800


## CERTIFICATE OF SERVICE

I, Harold L. Lichten, hereby certify that on December 7, 2010, the foregoing document was filed electronically through the ECF System, is available for viewing and downloading from the ECF System, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing.

/s/ *Harold L. Lichten*
Harold L. Lichten